This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERNEST DURAN and LUELLA DURAN, Husband and Wife,**

Third-Party Plaintiffs/Appellants,

v.                                                    **NO. 30,067**

**CARISBROOK, INC., a New Mexico corporation,**

Third-Party Defendant/Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Sam B. Sanchez, District Judge**

De Stefano Law Firm, P.C.
Richard De Stefano
Taos, NM

for Appellants

Alsup Law Office
Gary D. Alsup
Clayton, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Judge.**

In this property dispute, Third-party Plaintiffs Ernest and Luella Duran relied on a jury demand filed by a third-party defendant, who was dismissed from the case on the day that the trial was to begin before a jury. The district court advised the Durans and the remaining third-party defendant that the issues between them would proceed to a bench trial because the only party who had demanded a jury was no longer in the case. Relying on *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 31, 139 N.M. 12, 127 P.3d 548, we conclude that the district court abused its discretion in denying the Durans a jury trial and reverse.

**BACKGROUND**

This case arose from a dispute between adjoining property owners, Dan and Colleen Johnson, who owned Lot 9 of the relevant subdivision, and the Durans, who owned Lot 8. The Johnsons sued the Durans, seeking an injunction and damages for trespass. The Durans filed an answer, a counterclaim seeking to quiet title, and a third-party complaint against Carisbrook, Inc., which was the grantor of both lots, and against Sam Minor and Minor Construction (collectively, Minor), who was the contractor who installed the Durans' septic system. In the third-party complaint, the Durans asserted claims against Carisbrook for quiet title, indemnity, and damages, while they asserted claims for indemnity and damages against Minor. Only Minor timely filed a jury demand.

2

The parties and the district court prepared the case as one to be tried to a jury, as evidenced by the court's scheduling order, in which it imposed deadlines for the submission of jury instructions, and by the parties' filing of requested jury instructions. Shortly before trial, the Durans and the Johnsons settled, and the district court dismissed the Johnsons' claims and the Durans' counterclaims. Just days before trial, the Durans settled with Minor, and the district court dismissed the claims against Minor on the day the trial was scheduled to begin.

On the same day, potential jurors were assembled, and the remaining parties—the Durans and Carisbrook—were ready to proceed to trial. The district court announced to the parties' attorneys that it was going to proceed with a bench trial rather than a jury trial because only Minor had demanded a jury and Minor was out of the case. The Durans' attorney, Richard De Stefano, requested that they proceed with a jury trial because everyone had prepared for a jury trial. De Stefano argued that when a party requesting a jury is no longer in a case, the case is tried to a jury unless all of the remaining parties agree to a bench trial. Carisbrook's attorney, Gary Alsup, stated that he and De Stefano had discussed the matter, that it was clear that the Durans wanted a jury trial, and that Alsup had invested some time in preparing jury instructions, but that it was fine with Carisbrook if the case proceeded without a jury. De Stefano suggested that there was a time period following the

3

departure of Minor during which the Durans should be allowed to request a jury. The district court rejected this suggestion, stated that the Durans should have filed a jury demand when they filed their answer, and ruled that the case would proceed as a bench trial.

The case proceeded to trial, and the district court found in favor of Carisbrook. The Durans filed the present appeal and make several arguments for reversal of the district court's judgment. We need not address all of their arguments because we conclude that the district court abused its discretion when it denied the Durans' request for a jury trial.

**DISCUSSION**

The Durans argue that they were entitled to rely on the jury demand filed by Minor and that the district court's sua sponte denial of a jury on the morning of the trial was a misapplication of Rule 1-038 NMRA that we should review de novo. Carisbrook contends that the Durans were not entitled to rely on Minor's demand and that, consistent with Rule 1-039(A) NMRA, we should review the court's denial of their untimely request for a jury under an abuse-of-discretion standard.

We need not address the Durans' argument that they were entitled to rely on Minor's jury demand. Assuming the Durans' request for a jury trial was not timely, we conclude that the district court abused its discretion in denying the Durans' request

4

for a jury trial after the court announced that the case would proceed as a bench trial. Where an untimely jury demand is made, the governing rule is Rule 1-039(A), which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." *See Juneau*, 2006-NMSC-002, ¶ 31 (stating that if a jury demand is not timely made, the appellate courts review for abuse of discretion.).

The Durans argue that if the standard of review is abuse of discretion, then the district court abused its discretion when it denied the request for a jury trial minutes before the anticipated jury trial was set to begin. We agree because we discern no meaningful difference between the circumstances in the present case and those in *Juneau*, where our Supreme Court held that the denial of an untimely request for a jury trial constituted an abuse of discretion. 2006-NMSC-002, ¶ 37.

In *Juneau*, the plaintiff filed a complaint under the Human Rights Act (HRA) in state court, but he did not request a jury. *Juneau*, 2006-NMSC-002, ¶ 28. The defendant removed the case to federal court. *Id.* The plaintiff then filed a separate claim in federal court under Title VII of the 1964 Civil Rights Act, in which he filed a request for a jury. *Juneau*, 2006-NMSC-002, ¶ 29. The federal court consolidated the two claims and placed them on the docket for a jury trial. *Id.* The federal court

5

then dismissed the Title VII claim and remanded the HRA complaint to state court. *Juneau*, 2006-NMSC-002, ¶ 29. The plaintiff filed a jury demand in state court about six weeks later, and the district court denied the request because it was untimely. *Id.*

Our Supreme Court in *Juneau* stated that a district court facing an untimely jury demand should consider several factors before deciding whether to permit a jury trial. *Id.* ¶ 34. The Court noted that courts in other jurisdictions have considered whether the parties and the court had assumed that the case would be tried to a jury, "the reasons for the delay, whether the issues are suitable for a jury, whether granting the motion would result in disruption for the court or the opposing party, and whether the opposing party would be prejudiced." *Id.* ¶ 33. The Court went on to note that "it is not just a question of whether [the p]laintiff had an 'opportunity' to request a jury[.] Other factors, including the reason for the delay and whether prejudice will result, must be considered in order to constitute the proper exercise of discretion." *Id.* ¶ 34.

Assessing these factors in the *Juneau* case, the Court noted that there was no real need for the plaintiff to file a jury demand because the defendant had removed the case to federal court before it filed an answer, and the consolidation of the removed case with the Title VII case in federal court resulted in a setting for a jury trial. *Juneau*, 2006-NMSC-002, ¶ 35. "A jury demand would have been perfunctory and unnecessary." *Id.* Once the Title VII case was dismissed and the original HRA case

was remanded to state court, the plaintiff's six-week delay in demanding a jury "[did] not seem unreasonable." *Juneau*, 2006-NMSC-002, ¶ 36. The defendant was not prejudiced because it "appear[ed] to have been aware all along that a jury trial was not only anticipated but in fact scheduled, at least while the case remained in federal court." *Id.*

In conclusion, the Court in *Juneau* determined that, under the circumstances, the district court abused its discretion in denying the plaintiff's admittedly untimely jury request, "given the fundamental importance of a jury trial in our jurisprudence." *Id.* ¶ 37. The denial appeared "arbitrary and unfair to [the p]laintiff." *Id.*

We discern no meaningful distinction between the circumstances in *Juneau* and those in the present case. As in *Juneau*, the Durans did not file a timely jury demand, and yet the parties and the court viewed the case as one that would be tried to a jury from the time Minor filed his jury demand in July 2008 until the morning of trial on June 15, 2009. In fact, the circumstances in this case are even more compelling than those in *Juneau* because the potential jurors were assembled, the parties had submitted requested jury instructions, and the attorneys were poised to select a jury when the district court sua sponte informed them that it would be releasing the jurors and conducting a bench trial. As a result, there would have been no prejudice to Carisbrook to continue with the anticipated jury trial. Therefore, consistent with the

7

holding in *Juneau*, we conclude that the district court abused its discretion in denying the Durans' request to continue with the anticipated jury trial.

Carisbrook argues that if denial of the jury request was error, it was harmless error because the district court would have been required to direct a verdict in favor of Carisbrook if the case had been tried to a jury. We disagree.

Rule 1-061 NMRA states the harmless error rule in the context of a civil case:

> No error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

We cannot say that the district court's eleventh-hour denial of the Durans' jury request constituted harmless error, given our Supreme Court's emphasis in *Juneau* on "the fundamental importance of a jury trial in our jurisprudence." *Id.* ¶ 37. And we cannot say that Carisbrook would have been entitled to a directed verdict if the case had been tried to a jury because it appears that the evidence presented was conflicting.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's judgment and remand for a new trial before a jury.

**IT IS SO ORDERED.**

8

 

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**